Dear Mr. Mixon:
You recently inquired whether the law allows a deputy sheriff of a parish to also serve as a deputy city marshal in a municipality located within another parish. Note first that the position of deputy sheriff constitutes an appointed office, as authorized under LSA-R.S. 33:1433 (A), providing in pertinent part:
 § 1433. Appointment, oath, and bond of deputies
 A (1) The sheriff of each parish and the civil and criminal sheriffs of the parish of Orleans may appoint as many deputies as necessary, but not more than authorized by law.
 (2) In all parishes except the parish of Orleans, the deputies shall, before entering on their duties, take the oath of office. Their appointment and oath must be entered on the records of the court. In addition to taking the oath of office, the said deputies shall, before commencing upon the discharge of their duties, each furnish a bond in the sum of five thousand dollars, with good and solvent sureties in favor of the sheriff appointing the said deputy, and the public, for the faithful performance of their duties. . . . . (Emphasis added).
The office of deputy city marshal also constitutes an appointed office, as provided by LSA-R.S. 13:1881(B):
 § 1881. General powers and duties of marshal; deputy marshals
 A. The marshal is the executive officer of the court; he shall execute the orders and mandates of the court and in the execution thereof, and in making arrests and preserving the peace, he has the same powers and authority of a sheriff.
 B. The marshal may appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions. The compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both, where the court is located. The city marshal may use funds available for expenses of his office, including proceeds from costs assessed in criminal matters pursuant to R.S. 13:1899, to pay an amount in excess of the fixed salary or to pay the amount fixed or any portion thereof to deputy marshals or to employ additional deputies. However, nothing herein shall authorize the city marshal to fix or supplement his own salary. In no event shall the salary of any deputy exceed that of his city marshal. (Emphasis added.)
In regard to dual officeholding, LSA-R.S. 42:63(E)
provides as follows:
 No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
The prohibitory language of LSA-R.S. 42:63(E)
would prevent simultaneous holding of these offices where both are held on a full-time basis, as defined within the Dual Officeholding and Dual Employment Law:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. See LSA-R.S. 42:62 (4) and (5).
Presumably, one of the foregoing positions would be held on a part-time basis. If not, the prohibition is applicable, preventing the concurrent holding of both appointments.
Should you have any further questions, please contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: February 9, 1996
Date Released: March 11, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL